IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **Atlanta Plumbers and Steamfitters Health and Welfare Fund, Atlanta Plumbers and Steamfitters Pension Fund, Plumbers and Steamfitters Local 72 Defined Contribution Fund, and Jeff Housworth and Jon Sterling, as Trustees of said Funds,**<br><br>Plaintiffs,<br><br>vs.<br><br>**Rawlins Mechanical Contractors, Inc.,**<br><br>Defendant. | Case No.: _____ |

**Complaint**

Plaintiffs Atlanta Plumbers and Steamfitters Health and Welfare Fund, Atlanta Plumbers and Steamfitters Pension Fund, Plumbers and Steamfitters Local 72 Defined Contribution Fund (collectively, "Funds"), and Jeff Housworth and Jon Sterling, as Trustees of the Funds ("Trustees" and, together with the Funds, "Plaintiffs") file this Complaint against Defendant Rawlins Mechanical Contractors, Inc. ("Rawlins Mechanical") showing the Court that Rawlins Mechanical is indebted to Plaintiffs for the debt described below.

12703493v1

## Statement of Matters Related to Parties, Jurisdiction, Service of Process, and Venue

1. The Funds are employee benefit plans within the meaning of the Employee Retirement Income Security Act of 1974, as amended, ("ERISA"), 29 U.S.C. § 1002(3). As provided in 28 U.S.C. § 1132(d)(1), the Funds have capacity and standing to bring this lawsuit.

2. The Trustees are the administrators of the Funds and exercise discretionary authority and control with respect to the management of, and with respect to the disposition of the assets of, each of the Funds. Accordingly, the Trustees are "fiduciaries" within the meaning of 29 U.S.C. § 1002(21).

3. The Trustees bring this suit on behalf of the Funds and on behalf of the Funds' participants and beneficiaries, and not in their individual capacities.

4. Plaintiffs Atlanta Plumbers and Steamfitters Health and Welfare Fund, Atlanta Plumbers and Steamfitters Pension Fund, and Plumbers and Steamfitters Local 72 Defined Contribution Fund are funds that maintain their principal place of business at 2010 N. W. 150th Avenue, Suite 100, Pembroke Pines, Florida 33028.

5. Plaintiffs Jeff Housworth and Jon Sterling serve as Trustees of said Funds.

6. Rawlins Mechanical is a Georgia corporation having its principal place of business at 4465 Commerce Drive, Suite 101, Buford, Georgia 30518, where it may be served with the Summons and Complaint in this action by service upon its registered agent, Matthew P. Rawlins, or upon an officer, managing or general agent, or any other agent of Rawlins Mechanical authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(h)(1)(B).

7. Rawlins Mechanical is an "employer" within the meaning of 29 U.S.C. § 1002(5) and the National Labor Relations Act of 1935, as amended, ("NLRA"), 29 U.S.C. § 152(2).

8. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. §§ 1132(e)(2) and (f), and 28 U.S.C. §§ 1331 and 1337.

9. The fact upon which this Court's venue depends is that Rawlins Mechanical is located in Gwinnett County, Georgia, which is within the Atlanta Division of the Northern District of Georgia. 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391.

10. As required by 29 U.S.C. § 1132(h), Plaintiffs have, contemporaneously with the filing of this Complaint, served copies of the Complaint in this action upon the Secretary of Labor and the Secretary of the Treasury by certified mail.

## Factual Background

11.     Pursuant to the collective bargaining agreement between the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, Local Union No. 72, of Atlanta, Georgia and the Mechanical Contractors Association of Georgia, Inc. (the "Agreement"), to which Rawlins Mechanical has assented, Rawlins Mechanical is liable to each of the Funds for fringe benefit contributions (the "Contributions") due and owing to each of them based on the number of hours worked by members of the Funds.

12.     Rawlins Mechanical is required to remit to Plaintiffs all Contributions due and owing to the respective Funds for any given month during the following month.

13.     Rawlins Mechanical has defaulted on its obligation by failing to pay—either in a timely manner or otherwise—Contributions owed to the Funds for the months of June 2016 through October 2016 and December 2016 through February 2017.

14.     As of the date of this Complaint, Rawlins Mechanical's liability for unpaid Contributions, including applicable late fees, equals $585,197.33.

15. Rawlins Mechanical also owes liquidated damages under the Agreement, which Defendant has not paid.

16. The total amount of liquidated damages owed to the Funds as a result of Rawlins Mechanical's conduct, assessed by the Funds pursuant to the Agreement, is currently at least $74,429.83 but continues to accrue.

17. On March 7, 2017, Plaintiffs sued a related company, Rawlins Plumbers & Engineers LLC ("Rawlins Plumbers"), and its two guarantors, Matthew P. Rawlins and William P. Rawlins, in this Court in a case styled *Atlanta Plumbers and Steamfitters Health and Welfare Fund, et al. v. Rawlins Plumbers & Engineers LLC, Matt Rawlins, and William Rawlins*, United States District Court, Northern District of Georgia, Atlanta Division, Case No. 1:17-cv-00834-CC, due to those defendants' failure to meet certain obligations, including paying mandatory contributions to the Funds, under the Agreement (the "First Suit").

18. On May 14, 2018, Plaintiffs obtained a Judgment against those defendants, including an award of $626,381.03, including $585,197.33 principal and $41,183.70 in attorney's fees, against Rawlins Plumbers.

19. Rawlins Plumbers was administratively dissolved by the Georgia Secretary of State on September 7, 2018.

20. Upon information and belief, Rawlins Plumbers transferred all of its assets to, and is now operating as, Rawlins Mechanical. This information and belief is based upon the facts that, according to the Georgia Secretary of State's online database, (a) Rawlins Mechanical and Rawlins Plumbers have the same principal address, and (b) William P. Rawlins is the CEO of Rawlins Mechanical and was also the principal and organizer of Rawlins Plumbers. Upon further information and belief, at least one reason that Rawlins Plumbers transferred its assets to Rawlins Mechanical was to avoid its liability to Plaintiffs.

## Count I: Unpaid Contributions

21. Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

22. Defendant has breached its duties and obligations to the Funds under 29 U.S.C. § 1145 and the Agreement.

23. As provided in 29 U.S.C. § 1132(g)(2)(A), the Funds are entitled to recover from Defendant all unpaid Contributions due and owing in the amount of $585,197.33.

24. As provided in 29 U.S.C. § 1132(g)(2)(B), the Funds are entitled to recover from Defendant interest on all unpaid Contributions.

25. As provided in 29 U.S.C. § 1132(g)(2)(C), the Funds are entitled to recover statutory damages in an amount equal to the greater of (i) interest on the unpaid Contributions, or (ii) liquidated damages provided for by the Funds in an amount not in excess of 20% of the unpaid Contributions ("ERISA Statutory Damages").

26. As provided in 29 U.S.C. § 1132(g)(2)(D), the Funds are entitled to recover their expenses incurred in prosecuting this action, including their attorney's fees and costs.

## Count II: Successor Liability (in the Alternative)

27. Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

28. Upon information and belief, Rawlins Plumbers' transfer of its assets to Rawlins Mechanical was a *de facto* merger or consolidation of Rawlins Plumbers and Rawlins Mechanical in that (1) there was a continuation of Rawlins Plumbers' enterprise through the continuity of management, personnel, many of the same physical locations, assets, and general business operations; (2) there was a continuity of many of the shareholders, members, or substantial stakeholders in the transition of Rawlins Plumbers' assets to Rawlins Mechanical; (3) Rawlins Plumbers ceased its operations contemporaneously with the transfer of assets;

and/or (4) Rawlins Mechanical has assumed those obligations of Rawlins Plumbers necessary for the uninterrupted continuation of Rawlins Plumbers' normal business operations.

29. The business of Rawlins Mechanical is a mere continuation of the business of Rawlins Plumbers in that, in substance, if not in form, Rawlins Mechanical is the same company as Rawlins Plumbers.

30. Rawlins Mechanical's participation in the transfer of Rawlins Plumbers' assets was an impermissible effort on the part of Rawlins Plumbers to avoid certain liabilities while continuing Rawlins Plumbers' normal business operations uninterrupted.

31. It would be inequitable to allow Rawlins Mechanical to assume only those benefits arising from its uninterrupted continuation of Rawlins Plumbers' business without also requiring it to pay Rawlins Plumbers' pre-existing obligations to creditors, such as the Funds.

32. Rawlins Mechanical is therefore liable under the equitable theory of successor liability for all amounts due to the Funds.

## Demand for Relief

Having set forth its claims against Rawlins Mechanical, Plaintiffs demand that a judgment be entered in their favor against Rawlins Mechanical, as follows:

(a) For Contributions, including late fees, due and owing to the Funds in the amount of $585,197.33;

(b) For interest, in accordance with 29 U.S.C. § 1132(g)(2)(B)

(c) For ERISA Statutory Damages, in accordance with 29 U.S.C. § 1132(g)(2)(C), in an amount equal to the greater of (i) interest on the unpaid Contributions, or (ii) liquidated damages provided for by the Funds in an amount not in excess of 20% of the unpaid Contributions;

(d) For the Funds' costs and expenses of this action, including their attorney's fees, in accordance with 29 U.S.C. § 1132(g)(2)(D);

(e) For the $626,381.03 judgment that Plaintiffs previously obtained against Rawlins Plumbers; and

(e) For such other and further relief as the Court considers just and appropriate under the circumstances.

This 22nd day of October, 2018.

Respectfully Submitted,

ARNALL GOLDEN GREGORY LLP

*/s/ C. Knox Withers*
C. Knox Withers
Georgia Bar No. 142482
Samuel M. Lyddan
Georgia Bar No. 544484

                                         Attorneys for Plaintiffs

171 17th Street, N.W., Suite 2100
Atlanta, Georgia 30363-1031
404-873-8129
knox.withers@agg.com
sam.lyddan@agg.com